FILED (JS)
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

21 MAY 20  PM 12: 23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                          Plaintiff,

v.                                               Criminal Action No. 3:18-cr-145-DJH

JAMES TERRY WOOD, JR.,                                          Defendant.

\* \* \* \* \*

## JURY INSTRUCTIONS

### INSTRUCTION NO. 1

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. You do not need to try and copy down these instructions as I give them. I will send a copy of these instructions with you to the jury room.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain the defendant's position.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

**INSTRUCTION NO. 2**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 3

As you know, the defendant has pleaded not guilty to the crimes charged in the indictment. The defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 4

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I ruled that you could not see some part of an exhibit or exhibits. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 5

You are only to consider the evidence in the case. You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

**INSTRUCTION NO. 6**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 7

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(a) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(b) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(c) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(d) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(e) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(f) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was

7

inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(g) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 8

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 9

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

## INSTRUCTION NO. 10

The defendant has been charged with two crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## INSTRUCTION NO. 11

Count 1 of the indictment charges the defendant with the crime of possession of heroin or fentanyl with intent to distribute. Heroin and fentanyl are controlled substances. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1) First, the defendant knowingly possessed heroin or fentanyl.

The government and the defendant have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved:

Defendant stipulates that the narcotics collected at the scene on the day of his arrest are the same as Exhibits 3a, 3b, and 3c and were not altered or changed in any material way prior to being submitted for testing at the Kentucky State Police Forensic Laboratory. Exhibit 3a is a baggie containing 14.408 grams of a mixture containing fentanyl recovered from the defendant's shoe. Exhibit 3b are packets containing 3.78 grams of a mixture containing fentanyl recovered outside the driver's side door of the defendant's truck. Exhibit 3c are three capsules containing 0.734 grams of brown powder recovered from the truck.

(2) Second, the defendant intended to distribute heroin or fentanyl.

Now I will give you more detailed instructions on some of these terms.

To prove that the defendant "knowingly" possessed the heroin or fentanyl, the defendant did not have to know that the substances were heroin or fentanyl. It is enough that the defendant knew that they were some kind of controlled substance. Further, the defendant did not have to know how much heroin or fentanyl he possessed. It is enough that the defendant knew that he possessed some quantity of heroin or fentanyl.

12

The phrase "intended to distribute" means the defendant intended to deliver or transfer a controlled substance sometime in the future. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. To distribute a controlled substance, there need not be an exchange of money.

In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

You may find the defendant guilty in Count 1 of the indictment even if you conclude that he only possessed with the intent to distribute one of the two drugs charged in the indictment.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

### INSTRUCTION NO. 12

Count 2 of the indictment charges the defendant with violating federal law by possessing a firearm in furtherance of a drug trafficking crime.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First: That the defendant committed the crime of possession of heroin or fentanyl with the intent to distribute. Possession of heroin or fentanyl with intent to distribute is a drug trafficking crime which may be prosecuted in a court of the United States.

(B) Second: That the defendant knowingly possessed a firearm.

The government and the defendant have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved:

Defendant stipulates that the Browning Arms, Pro-40, .40 Caliber handgun, bearing serial number 51CMT01087, was not manufactured within the Commonwealth of Kentucky and, therefore, moved in interstate commerce. Furthermore, Wood stipulates that the Browning Arms, Pro-40, .40 Caliber handgun, bearing serial number 51CMT01087, meets the federal definition of a "firearm."

Defendant stipulates that the Browning Arms, Pro-40, .40 Caliber handgun, bearing serial number 51CMT01087, recovered on the day of his arrest, was loaded in that the magazine contained ammunition and there was a round in the chamber.

(C) Third: That the possession of the firearm was in furtherance of the possession of heroin or fentanyl with the intent to distribute.

Now I will give you more detailed instructions on some of these terms.

14

(A)  The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  The firearm need not be loaded.

(B) The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

(C) The term "in furtherance of" means that the firearm was possessed to advance or promote the crime of possession of heroin or fentanyl with intent to distribute.  In deciding whether the firearm was possessed to advance or promote that crime, you may consider these factors:  (1) whether the firearm was strategically located so that it was quickly and easily available for use; (2) whether the firearm was loaded; (3) the type of weapon; (4) the type of drug trafficking crimes; and (5) the time and circumstances under which the firearm was found.  This list is not exhaustive.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

**INSTRUCTION NO. 13**

Next, I want to say a word about the date mentioned in the indictment.

The indictment charges that the crime happened "on or about" March 22, 2019.   The government does not have to prove that the crime happened on that exact date.   But the government must prove that the crime happened reasonably close to that date.

16

## INSTRUCTION NO. 14

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 15

Next, I want to explain something about possession.  The government does not necessarily have to prove that the defendant physically possessed the controlled substances or firearm for you to find him guilty of the crimes I just described.  The law recognizes two kinds of possession—actual possession and constructive possession.  Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the controlled substances or firearm, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the controlled substances or firearm, and knew that he had this right, and that he intended to exercise physical control over the controlled substances or firearm at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession.  The government must prove that the defendant had actual or constructive possession of the controlled substances or firearm, and knew that he did, for you to find him guilty of the crimes I have described.  This, of course, is for you all to decide.

18

**INSTRUCTION NO. 16**

That concludes the part of my instructions explaining the elements of the crime.  Next I will explain the defendant's position.

The defense says that the government has not proven beyond a reasonable doubt that the defendant possessed the requisite intent to distribute the heroin or fentanyl or that he possessed the firearm in furtherance of a drug trafficking crime.

## INSTRUCTION NO. 17

That concludes the part of my instructions explaining the elements of the crime and the defendant's position.  Next I will explain some rules that you must use in considering some of the testimony and evidence.

## INSTRUCTION NO. 18

A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

## INSTRUCTION NO. 19

You have heard the testimony of Rebecca Ennis, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Rebecca Ennis's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how she reached her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 20

You have heard the testimony of Bart Cowan, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Bart Cowan's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

23

## INSTRUCTION NO. 21

You have heard the testimony of Todd Brown, who testified as an opinion witness.

You do not have to accept Todd Brown's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 22

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

All of the evidence will be sent back with you, except for the firearms and drugs. If you want to see any of those exhibits, you may send me a message, and those exhibits will be provided to you.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## INSTRUCTION NO. 23

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, or tablet, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, Instagram, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me immediately if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

## INSTRUCTION NO. 24

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

## INSTRUCTION NO. 25

Now you will hear closing arguments from the lawyers.  Then I will have some final instructions regarding the procedures that you will follow in your deliberations.

## INSTRUCTION NO. 26

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 27

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 28

I have prepared a verdict form that you should use to record your verdict.  It is the last page of these instructions.

If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 29

Remember that the defendant is only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crime charged.

## INSTRUCTION NO. 30

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 31

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                          Plaintiff,

v.                                             Criminal Action No. 3:18-cr-145-DJH

JAMES TERRY WOOD, JR.,                                            Defendant.

* * * * *

## **VERDICT FORM**

We, the jury, find the defendant,

As to Count 1:

GUILTY_____                    NOT GUILTY_____


As to Count 2:

GUILTY_____                    NOT GUILTY_____

35